FILED
SUPERIOR COURT

9:17

OF COURT
BY

# IN THE SUPERIOR COURT
# OF GUAM

PEOPLE OF GUAM,                    )        Criminal Case no. CF128-11
                                   )
                                   )
                                   )
                                   )
        v.                         )        **DECISION AND ORDER**
                                   )        re: Motion to Suppress
                                   )
                                   )
DAVID J. BORJA,                    )
                                   )
                                   )
                Defendant.         )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 23, 2011. The People of Guam were represented by Assistant Attorney General Jonathan R. Luke. The Defendant was represented by Alternate Public Defender John P. Morrison. After considering the matter presented, the court now issues the following decision and order denying Defendant's motion.

## BACKGROUND

On May 28, 2010 at approximately 12:00 p.m., Officer Osborne observed a Nissan Sentra, being driven by the Defendant, accelerate abruptly at an intersection in Chalan Pago. Officer Osborne then called in the license plate and learned the insurance on the Sentra expired. Therefore, Officer Osborne conducted a stop, but the Defendant did not have a driver's license or documents for the Sentra. Officer Osborne then observed that the Defendant seemed nervous; make strange movements with his hands; exhibited a dry, chapped mouth; and was shaking uncontrollably.

After Officer Osborne obtained consent to search the Sentra, Defendant stated, "It's in my

cigarette pack." When Officer Osborne asked for clarification, Defendant stated, "You know what, sir; the ice. It's in the cigarette pack on top of the odometer." Officer Osborne subsequently found a pack of cigarettes that had a straw with crystalline substance in it. The substance tested positive for methamphetamines. As a result, on March 5, 2011, the Defendant was charged with Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). On September 1, 2011, Defendant filed a motion to suppress challenging the basis for Officer Osborne's traffic stop. The People filed an opposition to Defendant's motion on September 9, 2011.

## DISCUSSION

The court must determine whether Officer Osborne had probable cause or reasonable suspicion to stop the Defendant's car. The People assert that Officer Osborne had probable cause or reasonable suspicion to pull the Defendant over considering that the officer saw the Defendant accelerate abruptly and learned the insurance on the Sentra expired. *See United States v. Delfin-Colina*, 464 F.3d 392 (3rd Cir. 2006) (police may stop cars for traffic violations with probable cause of an articulable suspicion). *see also* 16 GCA § 19106(b) ("Any person who operates a mother vehicle in Guam and doesnot possess the insurance mandated . . . shall be subject to a mandatory fine of $500.")

Defendant argues that Officer Osborne did not witness anything that would justify pulling him over. More specifically, he argues that Officer Osborne did not know with certainty that the Defendant did not have insurance. The court disagree because the abrupt acceleration and the lack of insurance created probable cause for the stop of the Defendant. 16 GCA § 19106(b) clearly mandates that vehicular insurance is mandated and failure to carry insurance is a crime. Thus, the

court finds that Officer Osborne had probable cause to pull the Defendant over because he had reasonable suspicion that the vehicle was not insured.[1]

## CONCLUSION

For these reasons, the Defendant's motion to suppress is DENIED. Trial setting is set before the court on *Feb. 21*, 2012 at *2:00 pm.*

SO ORDERED, this *2* day of *Feb* 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

FEB 0 9 2012

James R. Borja
Deputy Clerk, Superior Court of Guam

[1]The court need not address the factors laid out in *Brown v. Illinois*, 422 U.S. 590, 601 (1975) because those factors are addressed when suppression is granted.